UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON D. BOYD,

       Plaintiff,

v.                                      CASE NO: 8:11-cv-1657-T-26AEP

CHASE HOME FINANCE, LLC, and
WILLIAM A. FOLINO,

       Defendants.

_____/

**O R D E R**

Before the Court is Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss

Counts I through V of Plaintiff's Amended Complaint with Prejudice (Dkt. 18) and

Plaintiff's *pro se* Response.  (Dkt. 20).  After careful consideration of the submissions of

the parties, the Court concludes that the motion should be denied.[1]

The standard by which the amended complaint is judged is that espoused in Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and

Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1949, 173 L.Ed.2d 868 (2009).  In the amended

complaint, Plaintiff alleges five claims against Chase Home Finance, LLC (Chase) which

---

[1]  In arriving at this conclusion, the Court has been required to take into account
Plaintiff's *pro se* status by liberally construing all of the allegations of his complaint and
subjecting those allegations to a less stringent standard than if drafted by an attorney.  See
Tannebaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

has responded by way of a motion to dismiss.  Chase contends that pursuant to the purchase and assumption agreement between the FDIC and Chase, Chase did not assume the liabilities for any claims related to any loan made before September 25, 2008, the date of the sale.  Plaintiff, however, alleges that a modification of the loan was made in 2009 and therefore Chase may be liable for conduct in the servicing and managing of the loan on or after September 25, 2008.  Thus, to the extent Plaintiff seeks relief based on liability incurred after the sale, the amended complaint stands.

With respect to affirmative defenses such as the statute of limitations, a motion to dismiss may not be granted if the defense does not affirmatively appear on the face of the complaint.  The Court deems it prudent to postpone any rulings on the viability of affirmative defenses until the record is further developed.

With regard to the claim made pursuant to the Florida Consumer Collections Practices Act (count III), Plaintiff alleges an individual or individuals employed by Chase initiated the violations.  While the evidence may reveal otherwise, at this stage of the proceedings, the amended complaint need not be repleaded.  Moreover, Plaintiff's claim for negligence (count IV) will stand at this juncture so that discovery may reveal whether the economic loss rule is applicable to this case.

Finally, Chase contends that Plaintiff's claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq*., (RESPA) (count V) is insufficient for failing to allege what would constitute a "qualified written request" or QWR.

Paragraph 41 alleges that Plaintiff requested "account records because he was concerned of improper loan . . . servicing." At this time, the allegations are sufficient to permit the claim to avoid dismissal until further development of the facts.

It is therefore **ORDERED AND ADJUDGED** that Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Counts I through V of Plaintiff's Amended Complaint with Prejudice (Dkt. 18) is **DENIED**. Defendant shall file its answer and defenses within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on September 14, 2011.


     *s/Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record